## In the Matter of Leon G. MAQUERA.

### No. 271 Disciplinary Docket No. 3.

Supreme Court of Pennsylvania.

Jan. 22, 1997.

### *ORDER*

PER CURIAM:

AND NOW, this 22nd day of January, 1997, Leon G. Maquera having been suspended from the practice of law in the Territory of Guam by Judgment of the Superior Court of Guam filed June 12, 1996; the said Leon G. Maquera having been directed on October 28, 1996, to inform this Court of any claim he has that the imposition of the identical or comparable discipline in this Commonwealth would be unwarranted and the reasons therefor; and no response having been filed, it is

ORDERED that Leon G. Maquera is suspended from the practice of law in this Commonwealth consistent with the Judgment of the Superior Court of Guam filed June 12,

---

**38.** *Commonwealth v. Hughes,* 536 Pa. 355, 639 A.2d 763 (1994) (judgment of sentence of death affirmed where jury found as aggravating circumstances that the defendant committed the killing while in the perpetration of a robbery and that appellant had been convicted of another murder committed at the time of the offense at issue since he killed two people and as mitigating circumstances that the defendant had no significant history of prior criminal convictions, that the defendant was under extreme mental or emotional disturbance, the age of the defendant and an unspecified circumstance under the catchall provision); *Commonwealth v. Lambert,* 529 Pa. 320, 603 A.2d 568 (1992) (judgment of sentence of death affirmed where jury found as aggravating circumstances that the defendant committed the killing while in the perpetration of a robbery

of a bar, that appellant had created a grave risk of death to someone other than the victim when he fired a gun in a crowded bar, and that appellant had been convicted of another offense for which a sentence of life imprisonment or death was imposable since he killed two patrons of the bar and as mitigating circumstances that the defendant had no significant history of prior criminal convictions).

**39.** Within ninety days of the date the sentence of death is upheld by this Court, the Prothonotary of this Court is directed to transmit to the Governor's office the full and complete record of the trial, sentencing hearing, imposition of sentence and review by the Supreme Court pursuant to 42 Pa.C.S. § 9711(i).

1996, and he shall comply with all the provisions of Rule 217, Pa.R.D.E.